UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELISSA KNOWLES,              )<br>                                              )<br>         Plaintiff                     )<br>                                              )<br>v.                                          )<br>                                              )<br>MICHAEL J. ASTRUE,           )<br>Commissioner of Social Security, )<br>                                              )<br>         Defendant                   ) | Civil No. 09-51-P-H |

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge erred in comparing her residual functional capacity to the physical and mental demands of her past relevant work. This appeal concerns the period between November 1, 2001, her alleged date of onset of disability, and June 1, 2004, the effective date of benefits awarded by the administrative law judge. I recommend that the court vacate the commissioner's decision with respect to this period of time.

In accordance with the commissioner's sequential review process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the medical record established that the plaintiff suffered from the severe impairments of depression, anxiety, and

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's office. Oral argument was held before me on October 8, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

modest back and neck pain, impairments that were severe but which, considered singly or in combination, did not meet or equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 47; that the plaintiff's allegations concerning pain were not supported by the medical evidence and not credible, Finding 5, *id.*; that she had the residual functional capacity to perform unskilled and semiskilled work at all times between her alleged onset date and June 2004, Finding 6, *id.*; that from November 1, 2001, through May 31, 2004, she was capable of performing her past relevant work as a hotel housekeeper and shoe salesperson, Finding 7, *id.*; and that she was therefore not disabled, as that term is defined in the Social Security Act, at any time from November 1, 2001, through May 31, 2004, Findings 7 & 10, *id.* at 47-48. The Appeals Council declined to review the decision, *id.* at 5-7, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review herein is whether the commissioner's determination is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step the commissioner must make findings of the plaintiff's residual

functional capacity ("RFC") and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982* ("SSR 82-62"), at 813.

## I. Discussion

The plaintiff contends that the administrative law judge impermissibly ignored the physical demands of her work as a hotel housekeeper and the mental demands of the job of a shoe salesperson manager while performing his Step 4 comparison. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 2.

### A. The Hotel Housekeeper Position

Under the applicable regulation, an administrative law judge at Step 4 of the sequential review process must "compare your residual functional capacity assessment . . . with the physical and mental demands of your past relevant work. . . . If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(f), 416.920(f). The plaintiff asserts that the administrative law judge did not ask her about the physical demands of the work that she did as a hotel housekeeper and determined on his own that this work was at the light exertional level, even though she had provided conflicting information on the various forms she filed before the hearing in connection with her application. This, she contends, constitutes reversible error. Itemized Statement at 2-4.

The plaintiff cannot create reversible error by submitting conflicting reports about her work history to the Social Security Administration. Under such circumstances, the administrative law judge must be free to choose which portions of that information to use in reaching his conclusions. The fact that the plaintiff submitted conflicting reports about her work

history might have some value in evaluating her credibility, but it does not create reversible error if the administrative law judge chooses to rely on one reasonable interpretation of some of that information.  However, the administrative law judge's failure to discuss the factors that led him to conclude either that the hotel housekeeper job was performed by the plaintiff at the light exertional level or that some other source, such as the Dictionary of Occupational Titles, described the job as being at that level is the problem in this case.

The following is all of the analysis that the administrative law judge provided on the Step 4 comparison issue:

> The claimant, age 30, has a ninth grade education, and has light, unskilled, past relevant work experience as a hotel housekeeper, light, semiskilled work as a shoe salesperson, and medium, unskilled work as a house cleaner.
>
> * * *
>
> From November 1, 2001 through May 31, 2004, the claimant remained able to perform her light, unskilled and semiskilled work as a hotel housekeeper and as a shoe salesperson, and was not disabled during that period.

Record at 44, 46.  This is simply insufficient under Social Security Ruling 82-62.  That Ruling provides, in relevant part:

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled." Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work. . . .
>
> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work.  Determination of the claimant's ability to do PRW [Past Relevant Work] requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment

4

> limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy.
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.

Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 811-12.

The evidence necessary to comply with this ruling may well be in the record in this case. It is impossible to make that determination, however, because it is impossible to know how the administrative law judge reached his conclusions at Step 4. This lack of analysis requires remand.[2]

### B. The Shoe Sales Position

The Step 4 problem with the hotel housekeeper position also afflicts the shoe sale position, the second of the plaintiff's two past jobs to which the administrative law judge found that she could return before May 31, 2004. It is not possible to discern from the opinion how the administrative law judge determined that the work the plaintiff performed as a shoe salesperson was light and unskilled or semiskilled, or even if that conclusion is based on the way in which the plaintiff performed the work or on the way in which that job is customarily performed in the national economy.

---

[2] At oral argument, counsel for the plaintiff argued that the record lacked evidence to support the necessarily-implied finding by the administrative law judge that her work as a hotel housekeeper was substantial gainful activity. Counsel for the commissioner responded that this issue had not been raised in the plaintiff's itemized statement and therefore could not be pursued, citing *Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376 (D. Me. Mar. 6, 2006), at *5. Counsel for the plaintiff replied that the issue was adequately raised in footnote 1 at page 3 of the itemized statement. I disagree. That footnote sets forth information from which such a conclusion might be drawn, but it includes no suggestion of such a conclusion. The plaintiff did not adequately raise the issue of substantial gainful activity, and that issue is not properly before the court. *Id*.

In addition, as the plaintiff points out, Itemized Statement at 4-5, she testified that she worked as a manager in the shoe department in an Ames store, Record at 19-20. The administrative law judge did not ask her any questions about this job, *id*. at 15-26, and there does not appear to be any further written description of it in the record. On its face, however, a job as the manager of a department in a department store would seem to involve more than the routine job instructions and tasks to which the administrative law judge indicated that the plaintiff was limited during the relevant period. *Id*. at 46. At the very least, the opinion should have explained why the administrative law judge apparently rejected the plaintiff's testimony that she worked as a manager in this department.

At oral argument, counsel for the commissioner disclaimed any reliance on this position to support the administrative law judge's conclusion.

### C. Limitation to Routine Instructions and Tasks

The plaintiff also contends that the following limitation set forth in the body of the administrative law judge's opinion (but not in his findings) mandates that she could not perform jobs listed in the Dictionary of Occupational Titles as having a general educational development ("GED") reasoning level of 1:

> In addition, prior to June 2004, the claimant retained the mental residual functional capacity to understand, remember and carry out routine job instructions, sustain attention and concentration for routine tasks, and relate appropriately to supervisors, coworkers and the public in a work setting.

*Id*. Because one of the state-agency psychologists who reviewed the plaintiff's application found that she could "understand and remember, simple, repetitive tasks and procedures . . . sustain 2-hour blocks at simple tasks at a consistent pace over a normal work day/week . . . [and could]

6

adapt to occasional and routine changes . . . in her daily life[,]" *id*. at 504,[3] the plaintiff assumes that the quoted language uses "routine" as a synonym for "simple," and proceeds from that assumption to cite case law from this court holding that a limitation to "simple" work is a limitation to jobs with a GED reasoning level of 1 in the DOT. Itemized Statement at 5. She contends that this argument excludes the shoe sales job to which the administrative law judge found that she could return, because the DOT lists shoe sales and sales manager jobs only with GED reasoning levels higher than 1. *Id*. at 6.

The plaintiff's assumption, however, is not necessarily supported by the record. It is just as likely that the administrative law judge equated "routine" instructions and tasks with the "unskilled and semiskilled" aspect of the work to which, he held, the plaintiff could return as it is that the administrative law judge alluded to "simple" work when he used the words "unskilled" and "semiskilled" or the word "routine." It is not possible to resolve this question on the record before the court. To resolve the question, the administrative law judge should explain how he determined that the plaintiff's past relevant work was both light, in terms of exertion, and unskilled or semiskilled. Too much is missing from the opinion in this case to allow a meaningful judicial review of any of the issues raised by the plaintiff.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings with respect only to the period between the alleged date of onset and the date of the current application, consistent herewith.

---

[3] The Mental Residual Functional Capacity Assessment form filled out by this psychologist states that the assessment is for "Current Evaluation," Record at 502, raising some doubt as to whether the assessment is even applicable to the pre-application period of time at issue in this appeal, given the fact that the administrative law judge found that the plaintiff was currently disabled due primarily to mental limitations but not disabled before the date of her application.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 3rd day of November, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge